Henderson, Judge.
 

 This case was brought to this Court before the commencement of the last Legislature, at which time this Court could grant new' trials in matters of law only. At the last session of the Legislature, an act was passed, declaring that this “ Court
 
 does
 
 and
 
 shall
 
 possess the same powrer to grant new tiñáis, as weli upon matters of fact as law', as the Superior Courts of Law now have,”
 
 *
 
 and the first question is, does the law of the last session embrace this case ? and if it does, is it unconstitutional, as interfering with vested rights ? The words are plain and unambiguous
 
 ;
 
 the intention cannot be mistaken
 
 ;
 
 they prescribe a rule for the government of the Court
 
 thereafter;
 
 they profess not to interfere with the decisions of the Court under the former law. But it is said, that if by law tire Court did not possess the power, can a Legislative declaration that it does, give the power ? I answer that it does, not by opera- - tion of the old law, but by the new law
 
 ;
 
 it is only a short way of legislation
 
 ;
 
 it is simply saying, that by such words, to wit, those used in the former law, we mean such a thing, and when, by the words used, the Legislative will is made known, it is the law of the
 
 land;
 
 the words are immaterial, and although the Legislature cannot make a thing to be, which is not, by their declaration, as, to make whát is white, black, yet it is competent for them to say by the word white they mean black : and whatever may be the meaning of the former laws upon the subject, we have now a plainly expressed Legislative will, that this Court does and shall possess the power to grant new trials in matters of
 
 fact;
 
 and this is not a judicial act, which is an exposition of the laws in being, and applying them to particular cases, but purely a Legislative act, declaring the will of the
 
 *391
 
 Legislature, to be applied in ail cases thereafter as the rule of action or decision. But it is said, in this case it interferes with the vested rights of the Defendant,, and if so, the Court will not apply it to divest those rights. To declare that the property of A. belongs to B, has been by this Court decided to be beyond tiie power of the Legislature, in the case,
 
 Den on demise of Robertson
 
 v.
 
 Browne,
 
 relative to Mrs. Browne’s land.
 

 To decide on this objection, we must examine the nature. of the rights of this Defendant. In the Court below, the Jury found a verdict in his favor; the Plaintiffs moved for a new trial, which was refused by the presiding Judge, and judgment given for the Defendant, upon which the Plaintiffs appealed to this Court; and as regards matter of fact, the Judge below, who refused the new trial, was the only power which could redress any injury which the Plaintiffs might have sustained in matter of fact, at the time the appeal was taken and the cause brought into this Court; but this Court had jurisdiction in matter of law, and was the proper appellate Court, and the appeal was, as it could be only, on the final judgment in favor of the Defendant, and not on the interlocutory order refusing a new trial. By this appeal the judgment was annulled, and all rights derived from it fell to the ground. The alleged vested right of the Defendant is not properly secured, or belonging to him by the existing laws; but by that immunity (arising from the organization of our Courts of Justice) in the enjoyment of the consequences of an erroneous exposition of the Law (if it be erroneous) by an interlocutory order In a cause still'-(lcpcnding, and the legality in the final determination of which (speaking abstractedly) depends upon the correctness of this interlocutory order. This is not such a vested right as that the Legislature cannot extend the powers of the Court wherein the cause is still depending, to examine into the alleged error, and if there is one, to correct it by the rules wliich were in existence at the time the new trial was refused, and by which the
 
 *392
 
 presiding Judge should have regulated himself in the de-cisión. A right, to be inviolable by the Legislature, should be one derived from the laws, or at least under a pna] ju(igment of a Court in a case decided, and the parties out of Court: not an immunity from a re-examination of a point in a cause still pending, which point could not be re-examined by the appellate Court on account of its organization. I therefore think that this Court pos-sesáes the power to exajnine the alleged error in fact.— See 3
 
 Cranch
 
 79.
 

 The next question is, has there been an error in fact? The first question presented is, is the wife capable of being a depositary of the husband’s will, under the latter act of 1784 ? The second is, does the finding of the will in a drawer of a bureau, in the
 
 dwelling
 
 of
 
 the
 
 husband, and probably in this case in his bed chamber, and where the wife kept her money and jewels, and which was constantly kept locked, and the place pointed out by the husband for the depositing, comply with the requisitions of the act, as to the will being found among the valuable papers or effects of the deceased ? 3d. Is a will all written in the hand-writing of the devisor, except the signature of the name of one attesting witness, there being but one, a will in the hand-writing of the devisor, within the meaning of the said act ?. 4th. There being one subscribing witness, can it be offered as a will under the latter act of 1784 ? 5th. Being heretofore proven by one witness, can it now be proven in the manner pointed out by said act ? Tlicre is an union of interest as well as of person between husband and wife, and the will, governing this united person, resides in the husband, and from this union follow many consequences. They cannot contract, they are but one
 
 \
 
 they cannot give to each other, for the same reason ; the wife cannot bind or .affect their joint property, or even her own freehold lands, without the consent of her husband ; for this requires will, and she has none; (I speak not of her powers in a Court of Equity, and particularly where
 
 *393
 
 she has separate property ;) and a number of other cases might be put as following from this
 
 union;
 
 but where the acts affect not the rights of the husband, as husband, She is considered as a human being, and having a human existence 5 she is capable of contracting as agent of the husband, and her purchases or contracts bind the husband as his agent only, and not as wife, for in the latter ^capacity she cannot bind him ; she .may perform a confidential trust for the husband, as attorney ol* friend, because in this there is nothing incompatible with her character as wife, or that union of person and interest which exists between them. Nor is it an objection, that during the life of the husband, she cannot be a witness as to the deposit. No evidence of that, is or can be required during his life; after his death she is as competent as any one | if then rejected, it must be on the score of interest or infamy, as others are liable to be. But allowing that she could not be a witness to prove the deposit, tine same situation would be produced by the death of any deposi-1 tary during the devisor’s life, and this I apprehend would not annul the will. I can see no reasons for disallowing her to be a depositary, but many peculiar reasons for allowing it. I think, also, the place where it was found' was among
 
 his
 
 valuable effects, if the wife could not be a depositary, for then it was his desk, his money, his jewels, and the key was kept by him by the hands of the wife
 
 ;
 
 whether taken out of the drawer was a question of fact. As to the third objection, that it is not a will under the act of April 1784, there can be no weight in it. The signature of subscribing witnesses is no part of the will. The witnesses put their names there to be enabled to identify the paper, and where the law requires subscribing witnesses, it is for the. same purpose. Originally the witnesses did not put their names to the paper, but
 
 Mis testibus
 
 was added by the parties concerned, that they might know on whom to call in case of a dispute The will is not certainly worse by having one subscribing witness 5. it will certainly answer the purpose of more
 
 *394
 
 certainly shewing that this is the paper which she saw deposited in the bureau
 
 •,
 
 going beyond the requisitions of the act, in respect of proofs, certainly cannot annul wj1|c[l comes Up t0 them. I think the fourth objection has been already answered. I can see no reason for the fifth, for its probate as a will of goods does not impeach it as a will of land, and were I to express an opinion upon the third, fourth, and fifth objections, it would be, that if they, have any effect upon the law of the case, which Í think they have not, they would go to support and not to destroy the will. I think the Judge erred in refusing a new trial, and that there must be one.
 

 Tayeor, Chief-Justice, and Haul, Judge, concurred.